**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 11-cv-03019-WJM-KMT

CAREFREE/SCOTT FETZER COMPANY,
a foreign corporation, d/b/a
CAREFREE OF COLORADO,

      Plaintiff,

v.

LIPPERT COMPONENTS, INC.,

      Defendant.

---

**STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIALITY**

---

      Plaintiff Carefree / Scott Fetzer Company, a foreign corporation d/b/a Carefree of Colorado ("Carefree" or "Plaintiff") and Lippert Components, Inc. ("LCI" or "Defendant") by and through their respective counsel to hereby stipulate :

      1.     The purpose of this Stipulated Protective Order ("Protective Order") is to facilitate expeditious discovery and exchange of information and documents in this litigation and protect the interest of the parties in their confidential and commercially-sensitive information and documents in accordance with Fed. R.Civ.P. 26 (c)(7).  This Protective Order shall apply to all documents, materials, and information including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

2.      As used in this Protective Order, "document" is defined as provided in Fed.R.Civ.P. 34(a).  A draft or non-identical copy is a separate document within the meaning of this term.

3.      Any party may designate information in any form that is produced, disclosed or otherwise provided during discovery in this litigation as either "Confidential" or "Confidential – Attorneys' Eyes only."  The "Confidential" designation shall be reserved for such information that the party in good faith believes there is good cause to treat as confidential because it contains non-public financial, trade secret, or commercial information.  The "Confidential – Attorneys' Eyes Only" designation shall be reserved for such information that the party in good faith believes there is good cause to treat as highly confidential for reasons of privacy or competitive disadvantage.  Unredacted documents or documents not under seal which are filed with any governmental or regulatory agency, such as the Securities Exchange Commission, and are available to the public, shall not be treated as "Confidential" or "Confidential – Attorneys' Eyes Only".

4.      Documents under this Protective Order to be protected from disclosure shall be designated as "Confidential" or "Confidential – Attorneys' Eyes Only" by the party producing them

5.      "Confidential" or "Confidential – Attorneys' Eyes Only" information other than documents shall be clearly designated as "Confidential" or "Confidential – Attorneys' Eyes Only" at the time of disclosure, or by a writing from the attorney for the party claiming confidentiality within thirty (30) days following receipt of the transcript or other document that formally memorializes the information.

6.      If a party inadvertently fails to designate information as "Confidential" or "Confidential – Attorneys' Eyes Only" when that information is produced, disclosed or otherwise provided in this litigation, the party shall give notice to the other parties of the inadvertent omission promptly upon discovery thereof; and the information shall thenceforth be treated as if the designation as "Confidential" or "Confidential – Attorneys' Eyes Only" had been made when the information was first produced, disclosed, or otherwise provided in this litigation.

7.      If a party inadvertently disclosed information it believes is subject to any claim of privilege, it shall give notice to the other parties of the inadvertent disclosure promptly upon discovery thereof.  The party that received the information shall return the information within five (5) days of receipt of such notice and make no use of it in the case without prejudice to its right to file a motion with the Court contesting the claim of inadvertent disclosure and/or privilege.

8.      "Confidential" or "Confidential – Attorneys' Eyes Only" information shall be used only for the purpose of this action (including any appeals), and not in any other litigation, and not for any business or other purpose whatsoever.  "Confidential" or "Confidential – Attorneys' Eyes Only" information may not be disclosed to anyone unless expressly provided herein.

9.      Absent written consent from the party producing the information or unless otherwise directed by the Court, information designated as "Confidential," and any copies thereof, shall not be disclosed, given, shown or made available to anyone except:

a.      Any person who is the source or author of such "Confidential" information;

      b.      Any witness or potential witness in interviews or in preparation for any deposition, hearing or trial, and at any deposition, hearing or trial if that witness or potential witness is the author of the "Confidential" information or is a prior recipient of the "Confidential" information;

      c.      The Court and its personnel, including court reporters;

      d.      In-house counsel for Carefree / Scott Fetzer Company and Lippert Components, Inc.;

      e.      Outside counsel of record for the parties to this action, including office associates, paralegals, and clerical employees;

      f.      Experts or consultants consulted or retained in connection with this action and who have agreed to be bound by the terms of this Protective Order; and

      g.      The parties to this lawsuit, including their officers and employees to the extent necessary for the conduct of this lawsuit.

10.      Absent written consent from the party producing the information or unless otherwise directed by the Court, information designated as "Confidential – Attorneys' Eyes Only", and any copies thereof, shall not be disclosed, given, shown or made available to anyone except:

      a.      Any person who is the source or author of such "Confidential – Attorneys' Eyes Only" information;

      b.      Any witness or potential witness in interviews or in preparation for any deposition, hearing or trial, and at any deposition, hearing or trial if that

witness or potential witness is the author of the "Confidential – Attorneys' Eyes Only" information or is a prior recipient of the "Confidential – Attorneys' Eyes Only" information;

c.      The Court and its personnel, including court reporters;

d.      In-house counsel for Carefree / Scott Fetzer Company and Lippert Components, Inc.;

e.      Outside counsel of record for the parties to this action, including office associates, paralegals, and clerical employees; and

f.      Experts or consultants consulted or retained in connection with this action and who have agreed to be bound by the terms of this Protective Order.

11.      Except as otherwise provided in this Protective Order, any disclosure or dissemination of "Confidential" and "Confidential – Attorneys' Eyes Only" information (as defined below) shall be preceded by execution of an Affidavit substantially in the form attached hereto as Exhibit A, which shall be furnished to opposing counsel five (5) days in advance of said disclosure or dissemination to allow the opposing party an opportunity to file a motion with the Court objecting to said disclosure or dissemination.

12.      Although the confidentiality requirements of this Protective Order shall in all other respects apply to the following persons, such Affidavits shall not be required of:

a.      Counsel of record and legal, paralegal, clerical, secretarial, and other persons employed by counsel of record for any party on a regular basis and not solely for purposes of the instant litigation;

b.      The parties (and their affiliates, parents and subdivisions), or their employees, in-house counsel, officers, and directors, to the extent such disclosure is necessary for the carrying out of their respective duties in connection with this litigation; and

c.      The Court and its personnel, including court reporters;

13.      Counsel of record shall retain throughout this litigation the Affidavits executed by parties, third parties or persons receiving "Confidential" or "Confidential – Attorneys' Eyes Only" information pursuant to this Protective Order.

14.      Within two (2) months of the conclusion of this litigation (meaning final judgment and exhaustion of all appeals), each party shall either destroy or return to the opposing party all tangible things and tangible copies of information designated "Confidential" or "Confidential – Attorneys' Eyes Only" by the opposing party. Upon request, counsel of record shall certify in writing that they have complied with this paragraph.  If requested to do so by the counsel of record who disclosed "Confidential" or "Confidential – Attorneys' Eyes Only" information to them, persons other than counsel of record to whom "Confidential or "Confidential – Attorneys' Eyes Only" information has been disclosed also shall certify in writing that they have complied with this paragraph.  Attorneys shall be entitled to retain, however, all pleadings, transcripts, and expert reports containing "Confidential" or "Confidential – Attorneys' Eyes Only" information, including drafts thereof.  All other documents containing "Confidential" or "Confidential – Attorneys' Eyes Only" information shall be destroyed.

15.      Nothing in this Protective Order shall affect the right of any party to seek greater protection than that provided for herein for any information.

16.     A party may object to the designation of particular "Confidential" or
"Confidential – Attorneys' Eyes Only" information by giving written notice to the party
designating the disputed information.  The written notice shall identify the information to which
the objection is made.  If the parties cannot resolve the objection within ten (10) business days
after the time the notice is received, it shall be the obligation of the party designating the
information as "Confidential" or "Confidential – Attorneys' Eyes Only" to file an appropriate
motion requesting that the Court determine whether the disputed information should be subject
to the terms of this Protective Order.  If such a motion is timely filed, the disputed information
shall be treated as "Confidential" or "Confidential – Attorneys' Eyes Only" under the terms of
this Protective Order until the Court rules on the motion.  If the designating party fails to file
such a motion within the prescribed time, the disputed information shall lose its designation as
"Confidential" or "Confidential – Attorneys' Eyes Only." and shall not thereafter be treated as
"Confidential" or "Confidential – Attorneys' Eyes Only" in accordance with this Protective
Order.  In connection with a motion filed under this provision, the party designating the
information as "Confidential" or "Confidential – Attorneys' Eyes Only" shall bear the burden of
establishing that good cause exists for the disputed information to be treated as Confidential or
"Confidential – Attorneys' Eyes Only."

17.     This Protective Order shall be binding on any future party to this litigation.

18.     This Protective Order shall continue in force after the completion of this
litigation.

19.     This Protective Order shall not prohibit a party from disclosing "Confidential" or
"Confidential – Attorneys' Eyes Only" information in response to a subpoena duly served on the

party, provided that the subpoenaed party notifies the designating party, in writing, prior to disclosure and within five (5) business days of receipt of the subpoena, to allow the designating party the opportunity to object or respond to the subpoena, and further provided that the subpoenaed party shall not disclose the "Confidential" or "Confidential – Attorneys' Eyes Only" information prior to the later of the conclusion of ten (10) days after notice of the subpoena to the designating party, or the time in which the Court rules on any motion objecting to the subpoena filed by the designating party within such ten (10) day period.

20.     In entering into this Protective Order, the parties preserve all rights and objections they may have to the use in this lawsuit of "Confidential" or "Confidential – Attorneys' Eyes Only" information.

21.     This stipulation may be executed in counterparts, each of which shall be deemed an original, but all of which taken together shall constitute one and the same documents.

22.     Documents or materials designated as "Confidential" or "Confidential – Attorneys' Eyes Only" in accordance with the terms of this Protective Order, whether discussed in briefs or otherwise, shall be filed with the Court in accordance with D.C.COLO.LCivR 7.2. DATED this 17th day of April, 2012.

BY THE COURT:

_____
United States Magistrate Judge

SO STIPULATED:

s/ Stephen D. Bell
Stephen D. Bell
DORSEY & WHITNEY LLP
1400 Wewatta Street, Suite 400
Denver, CO  80202-5549
Telephone: (303) 629-3400
Email: bell.steve@dorsey.com
*Attorneys for Plaintiff Carefree/Scott Fetzer Company d/b/a Carefree of Colorado*

SO STIPULATED:

s/ Peter A. Gergely
Peter A. Gergely, Esq.
Heather J. Kleibenstein, Esq.
Merchant & Gould, P.C.
1050 17th Street, Suite 1950
Denver, CO  80265-0100
Email: pgergely@merchantgould.com
Email: hkliebenstein@merchantgould.com
*Attorneys for Defendant Lippert Components, Inc.*

## EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-03019-WJM-KMT

CAREFREE / SCOTT FETZER COMPANY,
a foreign corporation, d/b/a
CAREFREE OF COLORADO,

      Plaintiff,

v.

LIPPERT COMPONENTS, INC.,

      Defendant.

---

## ACKNOWLEDGMENT

      The undersigned acknowledges that he or she has read the Protective Order in the above-captioned case and agrees to be bound by its terms and that he or she consents to the jurisdiction of the United States District Court for the District of Colorado in all matters concerning the Protective Order and this Acknowledgment.


                       _____
                       (Signature)


                       _____
                       (Printed Name)


                       _____
                       (Date)