IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 11–cv–03019–WJM–KMT


CAREFREE/SCOTT FETZER COMPANY, a foreign corporation, d/b/a CAREFREE OF
COLORADO,

      Plaintiff,

v.

LIPPERT COMPONENTS, INC.,

      Defendant.

---

**ORDER**

---

      This matter is before the court on Plaintiff's "Motion for Leave to File First Amended

Complaint" (Doc. No. 17 [Mot.]) filed April 9, 2012, Defendant's Response filed on April 30,

2012 (Doc. No. 23 [Resp.]), and Plaintiff's reply on May 29, 2012 (Doc. No. 27 [Reply]).  For

the following reasons, Plaintiff's Motion is GRANTED.

### I. RELEVANT FACTS

      Plaintiff Carefree/Scott Fetzer Company filed its Complaint November 18, 2011 (Doc.

No. 1), and Defendant Lippert Components, Inc. filed its Motion to Dismiss December 23, 2011

(Doc. No. 6).  Plaintiff now seeks to amend its Complaint to "narrow and clarify the issues for

trial" and thereby seeks to "remove one claim and refine the type of damages sought."  (Mot. at

3.)  By way of its proposed Amended Complaint, Plaintiff seeks to drop its claim under the

Colorado Consumer Protection Act and amend paragraphs nine, eleven, and seventeen.  (*See*

Doc. No. 1, ¶¶ 9, 11, and 17, Doc. No. 17-1, ¶¶ 9, 11, and 17.)

Defendant asserts that Plaintiff seeks its amendments with undue delay, in bad faith, and

that the amendments are futile and unduly prejudicial.  (Resp. at 1.)

## II. LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 15(a), "The [C]ourt should freely give leave

[to amend the pleadings] when justice so requires."  *See also York v. Cherry Creek Sch. Dist. No.*

*5*, 232 F.R.D. 648, 649 (D. Colo. 2005); *Aspen Orthopaedics & Sports Medicine, LLC v. Aspen*

*Valley Hosp. Dist.*, 353 F.3d 832, 842 (10th Cir. 2003).  The Supreme Court has explained the

circumstances under which denial of leave to amend is appropriate.

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper
> subject of relief, he ought to be afforded an opportunity to test his claim on the
> merits.  In the absence of any apparent or declared reason - such as undue delay,
> bad faith or dilatory motive on the part of the movant, repeated failure to cure
> deficiencies by amendments previously allowed, undue prejudice to the opposing
> party by virtue of allowance of the amendment, futility of the amendment, etc. -
> the leave sought should, as the rules require, be "freely given."  Of course, the
> grant or denial of an opportunity to amend is within the discretion of the District
> Court, but outright refusal to grant the leave without any justifying reason
> appearing for the denial is not an exercise of discretion; it is merely abuse of that
> discretion and inconsistent with the spirit of the Federal Rules.

*Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Triplett v. LeFlore County, Okl.*, 712 F.2d

444, 446 (10th Cir. 1983).  The Federal Rules reject the approach "that pleading is a game of

skill in which one misstep by counsel may be decisive to the outcome and accept the principle

that the purpose of pleading is to facilitate a proper decision on the merits."  *Conley v. Gibson*,

355 U.S. 41, 48 (1957).

## III. ANALYSIS

*Undue Delay*

Plaintiff filed the instant "Motion for Leave to File First Amended Complaint" (Doc. No. 17) on April 9, 2012.  On March 12, 2012, the court held a Preliminary Scheduling Conference and set the deadline to amend the pleadings for April 9, 2012.  (Doc. No. 16.)  Plaintiff's Motion was filed on April 9, 2012.  Accordingly, the court finds that Plaintiff's Motion is timely.

*Bad Faith*

Defendant asserts that Plaintiff's states that the "proposed amendment simply narrows and clarifies the issues for trial" because it "removes one claim and refines the type of damages sought." (Resp. at 5 [quoting Mot. at 3].)  Defendant argues that, though Plaintiff's first amended complaint does remove a claim and refine the type of damages sought, its proposed amendments also add substantive allegations to paragraphs 9, 11, and 17 of the proposed first amended complaint that fall outside of removing a claim and refining the type of damages.  (*Id.*)  Defendant further argues that the "silent amendments" proposed by Plaintiff are inconsistent with Plaintiff's characterization of the proposed amendments in its Motion, and the court should deny Plaintiff's Motion as it raises an inference of bad faith and dilatory motive.  (Resp. at 8.)

The Tenth Circuit offers little guidance on what constitutes bad faith for the purposes of a Rule 15 motion, and Defendant cites no law in support of its argument.  However, upon a review of the proposed amendments, the court finds that to the extent Plaintiff wishes to "narrow or simplify the issues for trial" (*see* Reply at 3), the amendments are not improper.

Morever, it does not appear the proposed amendments directly contradict the allegations in the original complaint. *See Kant v. Columbia Univ.*, 2010 WL 807442, at \*6 (S.D.N.Y. Mar. 9, 2010) (proposed amendments which directly contradict allegations made in an original complaint are made in bad faith).

*Futility*

Defendant bases its futility arguments on the theories advanced in Defendant's pending Motion to Dismiss, the court notes: (1) the Motion to Dismiss is not referred to this judicial officer for resolution and the court makes no judgment regarding Defendant's likelihood of success on those pleadings; and (2) amendment of Plaintiff's complaint may technically moot the pending Motion to Dismiss such that Defendant may, if appropriate, be required to advance new theories in a new or supplemental motion. *See Gotfredson v. Larsen LP*, 432 F. Supp.2d 1163, 1172 (D. Colo. 2006) (noting that "Defendant's motions to dismiss are technically moot because they are directed at a pleading that is no longer operative").

Defendant also argues the proposed amendments should be denied as futile because they fail to state claims that would pass muster under Federal Rule of Civil Procedure 12(b)(6).  It is true, as Defendant asserts, that the Court may deny leave to amend if the proposed amendments fail to state plausible claims under Rule 12(b)(6).  *Gohier v. Enright*, 186 F.3d 1216, 1218 (10th Cir. 1999) ("The futility question is functionally equivalent to the question whether a complaint may be dismissed for failure to state a claim, . . . ").  Nevertheless, the court is reluctant to resolve this and other issues raised by Defendant without further briefing on the merits. Defendant's futility arguments are likely better addressed after Plaintiff's amended complaint is

in place, and when Defendant has had its opportunity to amend its Motion to Dismiss, if it

chooses to file such a motion. *Stender v. Cardwell*, 2011 WL 1235414, at *3 (D. Colo. Apr. 1,

2011); *see also Gen. Steel Domestic Sales, LLC v. Steel Wise, LLC*, 2008 WL 2520423, at *4 (D.

Colo. Jule 20, 2008) (noting that the defendant's futility argument "seems to place the cart

before the horse," and that "[r]ather than force a Rule 12(b)(6) motion into a Rule 15(a)

opposition brief, the defendants may be better served by waiting to assert Rule 12 motions until

the operative complaint is in place").

### *Undue Prejudice*

Prejudice to the opposing party is the single most important factor in deciding whether to

allow leave to amend. *Minter v. Prime Equipment Co.*, 451 F.3d 1196, 1207 (10th Cir. 2006);

*see also* 6 Wright, Miller, & Kane, *Federal Practice and Procedure* § 1487 (3d ed. 2010)

("Perhaps the most important factor . . . for denying leave to amend is that the opposing party

will be prejudiced if the movant is permitted to alter a pleading"). In determining undue

prejudice, the Court looks to whether a trial date or discovery deadlines have been set. Even if

dates have been set, the defendant can still have "adequate notice" of the claim and its factual

allegations and have "ample opportunity to respond." *Baker v. Thomson*, No. 11-cv-02219-

LTB-CBS, 2012 WL 1658982, at *2 (D. Colo. May 11, 2012) (citing *Bylin v. Billings*, 568 F.3d

1224, 1230 (10th Cir. 2009); *see also Patton v. Guyer*, 443 F.2d 79, 86 (10th Cir. 1971) (finding

that there is no prejudice because the amendment was authorized several months prior to trial).

If the amendment also arises out of the same subject matter as the other claims, prejudice is

further limited. *See Gillette v. Tansy*, 17 F.3d 308, 313 (10th Cir. 1994) (finding no evidence of

prejudice when the "[p]etitioner's amended claims track the factual situations set forth in his [original] claims").

Defendant argues that "[r]equiring LCI to undergo the expense and time to re-write and re-file its pending Motion to Dismiss, and further burdening the court with an additional round of briefing, is unduly prejudicial . . ." (Resp. at 12.)  The court is not convinced by this argument because no trial date has been set in this matter, and the discovery and dispositive motions deadlines are not until November 2012; thus there will be time to conduct any additional limited discovery needed due to the amendments.

Moreover, though Plaintiff seems to take issue with Defendant's tack of proposing amendments that will render its Motion to Dismiss moot, "the most common use of Rule 15(a) is by a party seeking to amend in order to cure a defective pleading."  *Qdoba Restaurant Corp. v. Taylors, LLC*, 2008 WL 4426009, at \*2 (D. Colo. Sept. 25, 2008); s*ee also* 6 Wright, Miller, and Kane, *Federal Practice and Procedure*, § 1474, at 523 (2d ed. 1990).  Plaintiff, in part, is removing a claim that it most likely cannot support, thus curing a defective pleading.

Finally, permitting an opposing party to thwart a motion for leave to amend the pleadings simply by pointing to a previously-filed Motion to Dismiss would undermine the liberal policy toward granting motions for leave to amend to allow "claim[s] to be heard on [their] merits." *Calderon v. Kansas Dept. of Soc. & Rehab. Serv.*, 181 F.3d 1180, 1186 (10th Cir. 1999) (citing *Foman*, 371 U.S. at 181-82).

WHEREFORE, for the foregoing reasons, the court

**ORDERS** that Plaintiff's "Motion for Leave to File First Amended Complaint" (Doc.

No. 17) is GRANTED.  The Clerk of the Court is directed to file "First Amended Complaint and

Jury Demand" and the attachments thereto (Doc. Nos. 17-1 through 17-5).

Dated this 26th day of June, 2012.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge